IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIGHTY OAK MEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDACTA INTERNATIONAL SA and MEDACTA USA, INC., <br><br> Defendants. | C.A. No. 1:22-cv-01625-GBW |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (D.I. 1) FOR FAILURE TO STATE A CLAIM**

Jason C. White (admitted *pro hac vice*)
Nicholas A. Restauri (admitted *pro hac vice*)
Karon N. Fowler (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
nicholas.restauri@morganlewis.com
karon.fowler@morganlewis.com
michael.sikora@morganlewis.com

Kevin J. Spinella (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Fax: 202.739.3001
kevin.spinella@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Defendants Medacta USA, Inc.
and Medacta International, SA*

**TABLE OF CONTENTS**

|      |                                                                                                                                                                         | Page |
|------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                                                                                            | 1    |
| II.  | MIGHTY OAK CONFIRMS THAT IT FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PATENT INFRINGEMENT UPON WHICH RELIEF CAN BE GRANTED.                                 | 2    |
| III. | MIGHTY OAK DISTORTS THE CASE LAW TO CREATE A NEW PLEADING STANDARD.                                                                                                     | 4    |
| IV.  | MIGHTY OAK'S MANUFACTURED CLAIM CONSTRUCTION POSITION FAILS TO RENDER INFRINGEMENT PLAUSIBLE.                                                                            | 6    |
| V.   | MIGHTY OAK SHOULD BE DENIED LEAVE TO AMEND.                                                                                                                             | 7    |
| VI.  | CONCLUSION                                                                                                                                                              | 8    |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 1, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 1, 4, 5

*Bos. Sci. Corp. v. Nevro Corp.*,
   No. 18-cv-0644, 2019 WL 6310225 (D. Del. Nov. 25, 2019) .................................................. 2

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ............................................................................................ 4, 5, 6

*Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ............................................................................................ 4, 5

*Horowitz v. Yishun Chen*,
   No. 17-cv-00432, 2018 WL 6219928 (C.D. Cal. May 14, 2018) ............................................. 5

**Rules**

Fed. R. Civ. P. 15(a)(1)(B) ............................................................................................................. 7

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 8

I.       **INTRODUCTION**

Mighty Oak's infringement allegations regarding U.S. Patent No. 9,198,678 (the "'678 Patent") fail as a matter of law because Mighty Oak does not allege "sufficient *factual matter* . . . to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] As demonstrated in Medacta's opening brief, the conclusory allegations for the '678 Patent in Mighty Oak's complaint cannot meet the *plausibility* requirement because the accused products have a unitary, integral construction, and thus lack any "bridge" that could even possibly be capable of "selective[] engag[ment] with the first and second patient-specific elements."

Notably, Mighty Oak's opposition does not dispute the key issues that renders its infringement allegations for the '678 Patent implausible:

- Mighty Oak does not dispute that the features it accuses of being the "bridge" and "first and second patient-specific elements" are parts of a unitary structure, and thus permanently or fixedly connected to each other;

- Mighty Oak does not dispute that this fixed connection is evident from the factual matter submitted with the Complaint (*e.g.*, Exhibit 15); and

- Mighty Oak does not attempt to identify how its allegations, including the annotated figures of Exhibit 15, purportedly show the selective engagement required by the '678 Patent.

*See, e.g.*, D.I. 15, Mighty Oak Response Brief ("Resp.") at 3-5 (providing a "Statement of Facts" that neglects to address any of these issues).[2]

Instead, Mighty Oak attempts to discard the "plausibility" requirement altogether by asserting it need do no more than identify an accused product and offer conclusory statements that it meets each-and-every element. Beyond that, Mighty Oak distracts from its deficient allegations

---

[1] Emphasis is added through unless otherwise noted.

[2] Pagination citations are to source document pagination, not ECF pagination.

by (1) discussing pre-suit correspondence involving other patents that are irrelevant to the plausibility issue raised here; and (2) attempting to manufacture a claim construction dispute where none exists based on strained logic.

Mighty Oak's arguments do not change the Complaint's fundamental factual deficiencies or Mighty Oak's failure to meet its burden at the pleading stage. It is immaterial whether, as Mighty Oak asserts, the "selectively engaged" limitation refers to "one select[ing] *where* to engage" the "bridge" along the "patient specific element[s]" and "not *whether* to engage" the "bridge" with the "patient-specific element[s]." *Id.* at 11. It is undisputed that the accused products have a fixed, unitary structure that does not permit either selective engagement or selective location of the engagement. The Court should therefore dismiss Count III for failure to state a claim.

## II. MIGHTY OAK CONFIRMS THAT IT FAILS TO PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PATENT INFRINGEMENT UPON WHICH RELIEF CAN BE GRANTED.

It is undisputed that a plaintiff in a patent infringement case "must generally do more than assert that the product infringes the claim" in order to state a claim upon which relief can be granted. *Bos. Sci. Corp. v. Nevro Corp.*, No. 18-cv-0644, 2019 WL 6310225, at *3 (D. Del. Nov. 25, 2019). Instead, a plaintiff "must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *Id.*; *see also* Resp. at 8 (admitting that "'fail[ing] to allege facts showing how the accused product performs each step of each claim element' and failing to 'connect specific components of the accused systems to elements of the asserted claims' are not enough . . . .").

Mighty Oak's Response confirms that it fails meet this standard. As discussed in Medacta's opening brief, Mighty Oak's Exhibit 15—which purports to provide the factual basis for Mighty Oak's infringement claim—does not identify an arcuate bridge "selectively engaged" with first and second patient-specific elements, as claim 15 requires. Instead, as shown below,

Mighty Oak's annotations only address the alleged "arcuate bridge," "first patient-specific element," and "second patent-specific element"—necessary, but alone insufficient, requirements for infringing claim 15 as a whole.






D.I. 1-15 at 3-6; *id.* at 7 (citing "annotated figures and evidence cited above" at pages 3-6 for "selectively engaged" limitation).

Consequently, Mighty Oak is mistaken to suggest that it "mapped each product ***limitation-by-limitation*** onto the claims of the '678 patent, and annotated each product to identify where ***each limitation*** could be found." Resp. at 8. The Complaint, its exhibits, and Mighty Oak's Response confirm Mighty Oak has not alleged any facts that connect the MySpine products to the "selectively engaged" requirement. Nor could it allege such facts. The accused MySpine products do not have a "bridge . . . selectively engaged with the first and second patient-specific elements" because the alleged "bridge" to which Mighty Oak points is part of a unitary structure; the "first .

3

. . patient-specific element[]," "second patient-specific element[]," and "bridge" are permanently or fixedly connected to each other.  *See* D.I. 13 at 4-5.

Taking all of the well-pleaded facts in the Complaint as true, Mighty Oak has failed to state a claim for infringement of the '678 Patent.  Thus, Count III should be dismissed.

**III.   MIGHTY OAK DISTORTS THE CASE LAW TO CREATE A NEW PLEADING STANDARD.**

Because it cannot identify sufficient factual allegations in the Complaint, Mighty Oak contends that it "need only identify the accused products" and allege—without more—that they infringe.  *See, e.g.*, Resp. at 6-7 (citing *Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).  Mighty Oak is incorrect.

First, to make its argument, Mighty Oak stretches the decisions in *Disc Disease Sol'ns Inc. v. VGH Sol'ns, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), and *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), beyond the propositions for which they stand.  Neither case obviates the requirement that a plaintiff plead sufficient factual allegations to show that it has a plausible claim for relief.  And for good reason.  If it were sufficient to simply "identify accused products and allege[] that the products 'meet each and every element of at least one claim of Plaintiff's patents,'" it would eviscerate the *Twombly / Iqbal* requirement that a plaintiff must "allege sufficient facts 'to raise a reasonable expectation that discovery will reveal evidence' that supports the plaintiff's claim.'" *Iqbal*, 556 U.S. at 662.  Accepting Mighty Oak's standard would upend the myriad cases applying the plausibility standard to patent infringement claims and return to the archaic realm of form pleadings.  By extension, it would reward those, like Mighty Oak, who advance unsupported legal claims—indeed, claims that can ***never*** be factually supported— thereby wasting the parties' and the judiciary's time and resources. Mighty Oak's standard is simply not the law, and there is no reason to adopt it.

Instead, as the Federal Circuit reaffirmed in *Bot M8* (after *Disc Disease*), a complaint's allegations must contain sufficient factual content to show a plausible claim for infringement:

> [A] plausible claim must do more than merely allege entitlement to relief; ***it must support the grounds for that entitlement with sufficient factual content***. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." . . . .
>
> Accordingly, ***a plaintiff cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements***. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Bot M8*, F.4th at 1352-53.

In other words, *Disc Disease* "doesn't set a floor for the level of detail required to plead direct patent infringement." *Horowitz v. Yishun Chen*, No. 17-cv-00432, 2018 WL 6219928, at *3 (C.D. Cal. May 14, 2018). Rather, it is "simply one example where pleadings were sufficient." *Id*. (discussing other Federal Circuit authority that confirms a claim for infringement still "needs to include facts sufficient to allow a reasonable inference that each limitation of one of the asserted patent claims is performed").

Indeed, the Federal Circuit's analysis in *Bot M8* supports Medacta, not Mighty Oak. There, the Federal Circuit affirmed the district court order dismissing claims for patent infringement of two of four asserted patents. 4 F.4th at 1353-56. In doing so for the first patent, the Federal Circuit held that the factual allegations relating to the claimed "shared location of the game and authentication programs" "[we]re actually inconsistent with and contradict infringement." *Id.* at 1353-54 (noting that even "allegations that are 'merely consistent with' infringement are insufficient") (quoting *Twombly*, 550 U.S. at 557). For the second patent, the Federal Circuit held that Bot M8's allegations relating to the claim elements as to "*when* or *where* the game program

5

and mutual authentication program are stored *together*" were conclusory and therefore deficient. *Id.* at 1345-55 (emphasis in original).

Here, as in *Bot M8*, the complete absence of allegations concerning the "selectively engaged" confirms Mighty Oak's remaining allegations are inconsistent with and contradict infringement. Indeed, there are no factual allegations upon which Mighty Oak can rely because the alleged "bridge" to which Mighty Oak points in the accused MySpine products is part of a unitary structure that permanently or fixedly connects the "first . . . patient-specific element[]," "second patient-specific element[]," and "bridge" to each other. And, like the deficient allegations in *Bot M8*, the allegation that "Medacta's '678 Accused Products practice all of the limitation of claim 11 of the '678 patent" is conclusory and thus deficient.

### IV.   MIGHTY OAK'S MANUFACTURED CLAIM CONSTRUCTION POSITION FAILS TO RENDER INFRINGEMENT PLAUSIBLE.

Mighty Oak next suggests that the facts plead give rise to an inference of plausibility under a newly-advanced "alternate, possible construction of the phrase 'selectively engaged' [] that one can select *where* to place the arcuate bridge along the first and second patient-specific elements."[3] Resp. at 10-11 (emphasis in original). As purported support, Mighty Oak quotes a specification disclosure regarding "adjusting the adjustable coupling element in a desired setting for use in a particular MIS procedure." '678 Patent at 37:45-50. This embodiment is shown across Figures 91A-92D, which depict "a coupling element 920 which is adjustable":

---

[3] Medacta questions the plausibility of Mighty's Oak's proposed construction, which does not follow from the plain language of the claim. But, as Medacta's motion to dismiss does not implicate claim construction, Medacta reserves argument on the merits of this construction.



*Id.* at 37:39-52, Figs 91A-C.

But Mighty Oak cannot even reconcile this "alternative" construction with the fact that the accused "bridge" and "first and second patient-specific elements" are *not* adjustable at all, much less adjustable in a manner that would allow the "bridge" location to be "selected." In contrast, the Complaint's factual matter shows the accused "bridge" and "first and second patient-specific elements" to undisputedly form a unitary structure that is permanently or fixedly connected in place. As such, even if the Court accepted Mighty Oak's manufactured construction issue, Mighty Oak has *still* failed to identify any well-pled facts in the complaint sufficient to state a plausible claim for relief.

V. **MIGHTY OAK SHOULD BE DENIED LEAVE TO AMEND**

After the date of this reply—which comes 21 days after Medacta filed its answer and motion—Mighty Oak may no longer amend the Complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). As set forth in Medacta's opening brief, Count III should be dismissed with prejudice

7

because amendment would be futile. D.I. 13 at 13-14. Mighty Oak offered no contrary argument. *See* Resp. at 13-14 (declining to address Medacta's argument). Thus, the Court should dismiss Count III with prejudice.

## VI. CONCLUSION

The Court should grant Medacta's Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Count III regarding infringement of the '678 Patent with prejudice.

Dated: May 1, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone: 302.574.3000
Fax: 302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Defendants Medacta USA, Inc. and Medacta International S.A.*

Jason C. White (admitted *pro hac vice*)
Nicholas A. Restauri (admitted *pro hac vice*)
Karon N. Fowler (admitted *pro hac vice*)
Michael T. Sikora (admitted *pro hac vice*)
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
Telephone: 312.324.1000
Fax: 312.324.1001
jason.white@morganlewis.com
nicholas.restauri@morganlewis.com
karon.fowler@morganlewis.com
michael.sikora@morganlewis.com

Kevin J. Spinella (admitted *pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Fax: 202.739.3001
kevin.spinella@morganlewis.com